UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

**BECKY MATTIA,**

                    Plaintiff,

    -against-

**SYNCHRONY BANK,**

                    Defendant(s).

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**DEMAND FOR JURY TRIAL**

-----------------------------------------------------------------X

**INTRODUCTION/PRELIMINARY STATEMENT**

Plaintiff BECKY MATTIA ("Plaintiff"), by and through her attorney, M. Harvey Rephen&Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for her Complaint against the Defendant SYNCHRONY BANK (hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

**PARTIES**

3. Plaintiff BECKY MATTIA is a resident of the State of New York residing at 375 Boulder St, Ronkonkoma, N.Y. 11779

4. Defendant SYNCHRONY BANK has Corporate Headquarters located at 200 Crossing Blvd., Suite 101, Bridgewater, NJ 08807.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

7   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.   On or about June 2016, Defendant began communicating with Plaintiff by means of telephone calls to Plaintiff's mobile telephone number 516 476 3360.

9.   When Plaintiff answered Defendant's calls, she heard a silence before a recording began; convincing Plaintiff that Defendant's calls were "robo-calls."

10.   Defendant's recording was a pre-recorded voice stating that Plaintiff should call Defendant at 866 314 9507 and requested Plaintiff to make a payment.

11.   On June 16, 2016, Plaintiff placed a telephone call to Defendant and was informed by Defendant's agent that the telephone calls to her telephone were an attempt to collect a debt. Plaintiff thereupon requested that Defendant continue calling but only with a live person and cease use of an auto-dialer to call her cellular telephone.

12.   Despite Plaintiff's request, she continues to receive telephone calls from Defendant's numbers: 877 317 5659, 678 518 2904, 855 452 3721, Plaintiff also receives calls from unknown numbers.

13.   Defendant's auto-dialed telephone calls to Plaintiff, as of November 15, 2016

amount to four hundred (400) calls. Defendant is still calling at present time.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

16. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See <u>Breslow c. Wells Fargo Bank, N.A.</u> 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in <u>Manno v. Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue."

In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common

carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be

superfluous because they are already included under them 'any service for which the called party is charged.'

On the other hand, reading `any service for which the called party is charged for the call' as an additional

item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service,

or other common carrier service,' regardless of whether the called party is charged, gives independent

meaning to each term."

    17.    It is thus clear from the plain language of the TCPA, and its considerable body of resultant

case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without

consent, even if no charges are alleged or incurred.

    18.    With the autodialed calls to Plaintiff's telephone commencing on or about June, 2016 and

continuing at a rate of approximately four hundred (400) times as of November 15, 2016 and by continuing

 to  the present day, the Defendant has violated various provisions of the TCPA, including but not limited to

47 USC §227(b)(A)(iii).

19. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least four hundred (400) times.

20. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

21. Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having

used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications

despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

22. Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

23. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it

is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the

Defendant's willful or knowing violations of the TCPA.

B. A declaration that the Defendant's practices violated the TCPA;

C. For any such other and further relief, as well as

further costs, expenses and disbursements of this

action, as this Court may deem just and proper.

Dated: April 10, 2017

Respectfully submitted,

*/s/ Edward B. Geller/*

EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

TO

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK  10464
TEL:(914)473-6783

*Attorney for the Plaintiffs',*
BECKY MATTIA

To:   Synchrony Bank
      200 Crossing Blvd.,
      Suite 101,
      Bridgewater, NJ 08807

      *(Via Prescribed Service)*

      Clerk of the Court,
      United States District Court, Eastern District of New York
      100 Federal Plaza, Central Islip, NY 11722

      *(Via Electronic Court Filing)*